Richard F. Thurston, Denver, Colo., for plaintiff-appellant.

Steven W. Parks (Michael L. Paup and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, and Glenn L. Archer, Jr., Asst. Atty. Gen., with him on the brief), Washington, D.C., for defendant-appellee; Robert N. Miller, U.S. Atty., of counsel.

Before McKAY, BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

By amended complaint, Thomas M. Smith, the taxpayer, alleged that the Internal Revenue Service (IRS), acting in response to his (Smith's) request under the Freedom of Information Act, 5 U.S.C. § 552, for all records and papers relating to his 1975 income tax return, failed to pro-

**Thomas M. SMITH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–1903.**

United States Court of Appeals, Tenth Circuit.

April 30, 1987.

vide him with a copy of a notice of deficiency and that in so doing the IRS violated § 552a(e)(5) and (6) of the Privacy Act. 5 U.S.C. § 552a (1982). For such violations Smith sought damages under 5 U.S.C. § 552a(g)(4). 552a(e)(5) requires each agency to maintain records with such accuracy as is reasonably necessary to assure fairness and 552a(e)(6) requires that same agency to make reasonable efforts to assure that such records are accurate and relevant for agency purposes prior to any dissemination.* Both Smith and the United States moved for summary judgment. The district court denied Smith's motion and granted the motion of the United States. *See Smith v. United States*, 56 AFTR 2d 85–5079.

As indicated, Smith's request to the IRS for documents relating to his 1975 income tax return was made under the Freedom of Information Act. In response to such request, Smith was given certain documents, which did not include a notice of deficiency, or a copy thereof, mailed to his correct address. Accordingly, Smith brought the present proceeding in the United States District Court for the District of Colorado alleging that the assessment made by the IRS in connection with his 1975 return was unlawful because of inadequate notice of deficiency and sought injunctive relief. The IRS thereafter produced a notice of deficiency sent to Smith's correct address and on such showing the district court entered summary judgment against Smith on his original complaint.

It was in this setting that Smith filed an amended complaint based on violations of the Privacy Act. In granting summary judgment for the United States on Smith's Privacy Act claim, the district court held, *inter alia*, that 5 U.S.C. § 552a(e)(6), by its own terms, did not apply to any dissemination made pursuant to subsection (b)(2) of the section. Subsection (b)(2) disseminations are those required under section 552 of this title, and section 552 governs Freedom of Information disclosures. Since Smith's request to the IRS was admittedly

made pursuant to the Freedom of Information Act, the district court held that such fact precluded any claim under 552a(e)(6), the district court concluding that Smith could not "bootstrap" alleged violations of the Freedom of Information Act into claims under 552a(e)(6). We agree.

Smith argues that this is all a distinction without a difference. Congress, however, apparently felt there was a difference and excepted from 552a(e)(6) a dissemination under the Freedom of Information Act. We must apply the law as Congress has enacted it.

Judgment affirmed.

---

* Smith does not now pursue his claimed violation under § 552a(e)(5). He continues to pursue, however, the claimed violation under § 552a(e)(6).